BLANK ROME LLP
Attorneys for Plaintiff
KOOKYANG SHIPPING CO., LTD.
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOOKYANG SHIPPING CO., LTD.,<br><br>        Plaintiff,<br><br>-against-<br><br>R.P. LOGISTICS LTD.,<br><br>        Defendant. | 08 Civ. 5557<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Kookyang Shipping Co., Ltd., ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, R.P. LOGISTICS LTD.("Defendant"), alleges upon information and belief as follows:

1.      This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2.      At all material times, Plaintiff was and now is a corporation organized and existing under the laws of Korea, with a place of business at Seoul, Korea.

3.      At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of India with a place of business at 5, Hide Road, Calcutta, India.

4. By a charter party dated November 1, 2007 ("the Charter"), Plaintiff chartered the M/V VINASHIN BEACH ("Vessel") to Defendant to transport a cargo of 12,000 metric tons of "iron ore fines."

5. Pursuant to the terms of the Charter, Defendant was obliged to load a cargo of iron fines which was in good order and condition and not dangerous to the Vessel.

6. Contrary to its obligation to load such a cargo, Defendant caused a cargo with too high a moisture content to be loaded aboard the Vessel.

7. For the safety of the Vessel and crew, the ship had to divert to Singapore and to Vietnam in order to bag part of the cargo and to trim the cargo further in order for the voyage to continue without unnecessary risk and danger.

8. Plaintiff had time-chartered the Vessel from its owner. As a result of Defendant's failure to provide a safe cargo and the resulting diversion of the Vessel, Plaintiff paid charter hire to the ship owner in excess of what the voyage should have cost Plaintiff to the extent of $375,000, as nearly as can presently be calculated.

9. Under the Charter, Defendant was obliged to pay Plaintiff demurrage for days spent loading and discharging in excess of the time allowed in the Charter.

10. Pursuant to the Charter, Plaintiff is entitled to demurrage at the loadport in the amount of $86,691.67 and $16,666.67 at the discharge port, for a total of $103,358.34.

11. Additionally, the ship owner has asserted a claim against Plaintiff for bagging and trimming costs of $17,000, for which Plaintiff is entitled to be indemnified by Defendant.

12. Plaintiff performed the Charter, and, as a result of Defendant's breaches of the Charter, Plaintiff was damaged in the sum of at least $495,358.34, plus interest, for which it

should have judgment against Defendant. No part of said damages has been paid, although duly demanded.

13.     The Charter provides for arbitration of disputes in London, England. Plaintiff has commenced arbitration, or will shortly, and reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. §8.

14.     Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. If the dispute is arbitrated through a final award, Plaintiff estimates: recoverable interest will amount to at least $118,886 at a rate of 8% per year, compounded quarterly, for at least 3 years; and recoverable arbitral and legal fees/costs will be incurred in the sum of at least $120,000.

15.     The total amount of Plaintiff's claims for breach of the Charter is therefore **$734,244.34**.

16.     Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District, including electronic fund transfers to or from Defendant, in the District which are due and owing or otherwise the property of the Defendant up to the amount of **$734,244.34**. to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       June 19, 2008

Respectfully submitted,

BLANK ROME, LLP
Attorneys for Plaintiff

By _____
    LeRoy Lambert (LL-3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

## VERIFICATION

STATE OF NEW YORK            )
                             : ss.:
COUNTY OF NEW YORK           )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
LeRoy Lambert

Sworn to before me this
19th day of June, 2008

_____
Notary Public



NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

128539.00603/6642779v.1               5

BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOOKYANG SHIPPING CO., LTD.,<br><br>               Plaintiff,<br><br>       -against-<br><br>R.P. LOGISTICS LTD.,<br><br>               Defendant. | 08 Civ. 5557<br><br>**AFFIDAVIT PURSUANT TO**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                                  ) ss:
COUNTY OF NEW YORK  )

       LeRoy Lambert, being duly sworn, deposes and says:

       1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of defendant, R.P. LOGISTICS LTD. ("Defendant"), a foreign corporation, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

2.  Defendant is a party to the maritime contract of charter party on which this claim is based, and is a foreign corporation or other business entity organized and existing under the laws of Germany or another foreign jurisdiction.

3.  Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.  In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
LeRoy Lambert

Sworn to before me this
19th day of June, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

2

128539.00603/6648068v.1